■ In the Matter of the Claim of SUE GREENE, Appellant, v CITY OF NEW YORK DEPARTMENT OF SOCIAL SERVICES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed January 2, 1976, which denied claimant's claim for compensation benefits on the ground that her accident did not arise out of and in the course of her employment. Claimant, a homemaker in the employ of respondent Department of Social Services, was required to travel between the homes of her various individual clients to carry out her work responsibilities and occasionally, on her own initiative, utilized her personal automobile for transportation. On December 10, 1974, while traveling between the homes of two such clients in her automobile, she was involved in an accident which resulted in the present claim. Finding that she had used her automobile for personal reasons and without the knowledge or consent of her employer, the board ruled that the accident did not arise out of and in the course of her employment and denied her claim for benefits. This appeal ensued. We find that the board's determination must be affirmed. Admittedly, claimant did not avail herself of procedures whereby she could have sought permission from her employer to use her automobile in her work, but rather chose to use her vehicle for her own personal convenience without the knowledge of or any authorization from her employer. Moreover, in an apparent attempt to avoid detection, she had never asked her employer for reimbursement for the use of her car, and, thus, evinced a knowledge that her conduct was forbidden by the employer. Additionally, in this regard, she had been specifically advised by her employer that she would be reimbursed for employment-related travel on public transportation. Under these circumstances, the increase in the risks to the employer resulting from claimant's conduct are obvious, and the record plainly indicates a violation by claimant of an "implied prohibition" at minimum (1 Larson, Workmen's Compensation Law, § 21.84). Accordingly, the board was justified in ruling that the accident was not compensable. Decision affirmed, without costs. Sweeney, Main, and Larkin, JJ., concur; Greenblott, J. P., and Herlihy, J., dissent and vote to reverse in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). The majority would affirm the board decision denying benefits upon the ground that it "was justified in ruling that the accident was not compensable". The board found: "The board panel finds that claimant used her car for personal reasons without the consent or knowledge of her employer and *therefore* her accident did not arise out of and in the course of employment." (Emphasis added.) If the board was

attempting to find that such conduct was a deviation as a matter of law disqualifying claimant from benefits, then it has erred as a matter of law *(Matter of Fronce v Prosperity Co.,* 255 NY 613) and its decision is arbitrary and capricious. If the board has ruled that as a matter of fact the claimant was not in the course of her employment at the time of the accident, the question is whether or not there is substantial evidence to support its decision. The sole evidence in this record is that in order to be reimbursed for use of a car, one had to request authorization, but that, in any event, the cost of public transportation would be reimbursed. There is no "implied prohibition" of any kind and the finding of the majority in this regard not only is not the finding of the board, it is pure speculation. The board found that the claimant was using the car for "personal reasons". In any event, the record is devoid of any evidence that driving a car was more dangerous than riding a bus and, thus, increased a risk of injury while traveling. It is true that the claimant chose not to use public transportation on the day in question as a matter of her own discretion and for personal convenience. There is no evidence, however, that whether the claimant walked or drove a car was a condition of employment, the only evidence being that *paid transportation* would only be by public conveyance unless otherwise authorized. There was absolutely no dispute but that the claimant *was on duty* at the time of the accident *and that travel time was duty-time.* Accordingly, there is a presumption that the accident is compensable. The board's finding of "personal reasons" is not supported by substantial evidence since the record establishes that it was claimant's duty to get from one assignment to another and that was what she was doing. "As to operating acts, that is, acts in direct performance of the precise tasks assigned to the claimant, we find that method— *whether* unreasonable, impliedly prohibited, or even expressly prohibited—is immaterial." (Emphasis added.) (1 Larson, Workmen's Compensation Law, § 21.84, p 5–61.) The decision should be reversed as arbitrary and capricious and further as not supported by substantial evidence.